UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERMAN BOULWARE, | : | CIVIL ACTION NO. 3:CV-12-0408 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| JAMES FOUSE, et al., | : | |
| Defendants | : | |

FILED
SCRANTON
APR 09 2012
PER [signature] DEPUTY CLERK

**MEMORANDUM**

**Background**

Herman Boulware, an inmate presently confined in the Smithfield State Correctional Institution ("SCI-Smithfield"), Huntingdon, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names the following SCI-Smithfield employees as Defendants: Fire Safety Manager James Fouse; Facility Maintenance Manager Bruce Ewell; and Food Service Manager Tim Roher. Along with his complaint, Plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[1]

---

1. Section 1915(e)(2) provides:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed, without prejudice, as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The Plaintiff alleges that on September 30, 2011, while he was "attending chow in the main inmate dining hall, [he] proceeded to [his] assigned seat with [his] tray and as [he] sat down the table came out the floor." (Doc. 1, complaint). He states that "this table was a four seated style table" and that he and another inmate "fell as this table snapped and [he] was hurt badly." Id. Plaintiff was then seen by the medical staff for complaints that his "back hurt and [his] buttock area." Id.

Plaintiff believes that "as a result of years of soap, water and other chemicals caused this table and others to corrode and snap off from the bolts in the floor." Id. He further alleges that "as a result of this table, this was the proximate cause of [his] injuries and staff knew or should

---

2. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

have known that by not servicing these tables would result in a situation as a table snapping off." Id.

Thus, Plaintiff filed the instant action in which he claims that Defendant Fouse "failed in conducting inspection of the tables within the chow hall" and that "he is seen just walking around the prison with his hands in his pockets never checking anything." Id. Plaintiff further alleges that Defendant Roher "failed to do inspections of these tables after being told by inmates of the problems" and that Defendant Ewell "also failed to do inspection of the kitchen tables." Id.

For relief, Plaintiff seeks compensatory and punitive damages.

**Discussion**

A plaintiff, in order to state a viable § 1983 claim, must allege that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or by laws of the United States. E.g., Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir.), cert. denied, 469 U.S. 1019 (1984). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. Martinez v. California, 444 U.S. 277, 285 (1980).[3]

The fundamental principles of Eighth Amendment analysis reveal that "only 'the unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by [that Amendment]." Ingraham v. Wright, 430 U.S. 651, 670 (1977) (citations omitted). Accord Whitley v. Albers, 475 U.S. 312, 319 (1986). The Supreme Court in Whitley taught: "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more

3. The Martinez court explained: "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Id.

than ordinary lack of due care for the prisoner's interests or safety...." Id. Negligence or inadvertence alone do not constitute a constitutional deprivation. Id.; Davidson v. O'Lone, 474 U.S. 344 (1986). Quoting Rhodes v. Chapman, 452 U.S. 337 (1981), the Supreme Court stated in Wilson v. Seiter:

> The Constitution, we said, 'does not mandate comfortable prisons,'. . . and only those deprivations denying the 'minimal civilized measures of life's necessities'. . .sufficiently grave to form the basis of an Eighth Amendment violation.

501 U.S. 294, 298 (1991).

Applying the above principles to the instant case, the Court concludes that not only does Boulware fail to allege any personal involvement on behalf of the named Defendants, but he fails to assert the violation of any federal right. The complaint asserts that Plaintiff fell to the floor when a dining hall table came unbolted from the floor. However, mere negligence resulting in such an accident does not rise to the level of a constitutional violation under either the Fourteenth or the Eighth Amendment and, accordingly, is not cognizable in a § 1983 action. See Daniels v. Williams, 474 U.S. 327, 332 (1986) ("We think the actions of prison custodians in leaving a pillow on the prison stairs, . . . are quite remote from the concerns [of the Due Process Clause] just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."); Williams v. Bricker, 1996 WL 94811 (E.D. Pa. 1996) ("Plaintiff's allegations against defendant Bricker for allowing the staircase to exist in an unsafe condition constitutes, at best, a negligence claim. While an act of negligence may give rise to a

state tort claim, negligent conduct is not actionable under § 1983." (internal citations omitted)). Accordingly, this Court finds that Defendants' conduct, at best, constituted negligence and, as such, does not implicate the Plaintiff's constitutional rights under §1983[4].

Consequently, because Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

A separate Order will be issued.

Dated: April 9, 2012

**United States District Judge**

4. To the extent that Boulware states any state-law claims, pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over them. Those claims will be dismissed without prejudice to any right Plaintiff may have to pursue them in state court. In so holding, the Court expresses no opinion as to the merits of any such claims.